NO. 07-00-0414-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JANUARY 8, 2001



______________________________




LINDA AND JOHN W. WILLIAMS, INDIVIDUALLY AND AS REPRESENTATIVES


OF THE ESTATE OF JOHN WESLEY WILLIAMS, APPELLANTS



V.



BALLUSWAMY VISWANTHAN, M.D., APPELLEE



_________________________________



FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;



NO. 97-560-756; HONORABLE J. BLAIR CHERRY, JR., JUDGE



_______________________________




CONCURRING OPINION


 I join in the opinion by Chief Justice John T. Boyd, however I write separately
regarding movants' contention that Justice Brian Quinn should recuse himself because 
he has a "financial interest in the subject matter in controversy or in a party to the
proceeding" from a slightly different perspective. 

 Movants contend that because Texas Tech School of Law provides Justice Quinn
with an office and he serves as an instructor on a part-time basis at the School of Law
compels that he should be recused. I disagree. The alleged financial interest is not
grounds for recusal under Rules 16.1, 16.2, 16.3 of the Texas Rules of Appellate
Procedure, nor Rule 18b(2) and (f)(ii) of the Texas Rules of Civil Procedure as movants
contend. First, any benefit accruing to Justice Quinn is not a "financial interest in the
subject matter in controversy or in a party to the proceeding." Tex. R. Civ. P. 18b(2)(3). 
Second, Texas law recognizes the common law maximum of de minimis non curat lex. (1)
HSAM Inc. v. Gatter, 814 S.W. 2d. 887, 892 (Tex.App.--San Antonio 1991, writ dism'd by
agr.). Movants have not cited any authority holding or suggesting that in actions where
the State of Texas is a party, that because State judges or justices are on the State payroll,
they have a financial interest or other interest requiring their recusal. Similarly, even
though Texas Tech University provides Justice Quinn with an office, and he teaches part-time at the School of Law, the de minimus applies to whatever financial interest may be
implicated.


 Don H. Reavis

 Justice





Publish.
1. The law does not concern itself about trifles.



y: 'Arial', sans-serif">                                                                           Patrick A. Pirtle

                                                                                 Justice